UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Haupfear,   #252131,<br>*a.k.a. Anthony Michael Haupfear*<br><br>                              Plaintiff,<br><br>vs.<br><br>Amick Farms;<br>Anissa Turner, Human Resources Manager,<br><br>                              Defendants. | ) C/A No.  8:09-378-CMC-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>) |

_____

Anthony Haupfear, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Lower Savannah Pre-Release Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

___

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

v. *Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was hired by Defendant Amick Farms on September 2, 2008, while incarcerated at the Lower Savannah Pre-Release Center. On September 30, 2008,

Plaintiff injured his wrist on the job. Plaintiff, who states the injury caused pain and swelling in his wrist area, reported the injury to his line leader. Plaintiff returned to the pre-release center and took over-the-counter pain medication. Plaintiff was told to see "medical" when he went to work the next day. (Plaintiff's complaint, page 3).

Plaintiff states the pain increased in his wrist and he was taken to see a nurse at Amick Farms during his next shift. The nurse wrapped Plaintiff's wrist, told him not to lift anything, and sent Plaintiff back to work. Plaintiff was instructed to return to medical at 8:00 a.m., when his shift ended. Plaintiff went back to see the nurse around 7:30 a.m. and was "under the impression [that Plaintiff] was to go and get [his] wrist x-rayed." However, Plaintiff was told to return to the pre-release center, where he later learned that he had been fired by Defendant Amick Farm. (Plaintiff's complaint, pages 3-4). Plaintiff claims that his job was unfairly terminated due to his job-related injury. (Plaintiff's complaint, page 2). Plaintiff states that he continues to have problems with his wrist and has been "fighting" to get medical treatment. (Plaintiff's complaint, page 5). Plaintiff seeks monetary compensation from the Defendants. (Plaintiff's complaint, page 6).

## Discussion

The complaint is construed as an action filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the complaint in this case makes no factual allegations against Defendant Anissa Turner. Plaintiff indicates that a nurse at Amick Farms spoke to the "human resources manager to get information," but provides no other information to indicate how this Defendant may have violated Plaintiff's constitutional rights. (Plaintiff's complaint, page 4). Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As the complaint's "statement of claim" fails to provide any factual allegations against Defendant Turner, she is entitled to summary dismissal from this action.

Further, Plaintiff provides no information to indicate that either of the named Defendants acted under "color of state law." Defendant Amick Farms is a private company which processes poultry. Defendant Turner is listed in the complaint's caption and "parties" section as the Human Resources Manager for Defendant Amick Farms. While Plaintiff indicates that he was hired by Defendant Amick Farms while incarcerated at the pre-release center, he fails to allege that the Defendants' alleged improper treatment of his injury or termination of his employment constituted "state action." As private conduct is not

actionable under § 1983, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982), the Defendants are entitled to dismissal from this action.

However, it is noted that, even had Plaintiff established state action by the Defendants, his claims regarding unfair job termination and improper medical treatment would fail. First, prisoners have no property or liberty interest in work release programs or job assignments. See *O'Barr v. Pinion*, 953 F.2d 74, 85-86 (4th Cir. 1991)(removing inmate from work release program did not violate his constitutional rights)*; Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)(no constitutional property interest in prison employment); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986)(same). Therefore, the Defendants, had they been state actors, would not have violated Plaintiff's constitutional rights by terminating his employment.

Second, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. *See also Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant. In the instant case, Plaintiff states that a nurse at Amick Farms provided medical treatment for Plaintiff's wrist shortly after his injury occurred. Thus, even had Plaintiff shown state action on the part of the Defendants, his factual allegations would not rise to the level of "deliberate indifference."

At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment, which is not cognizable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

March 11, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).